UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHAPTER 7

IN RE:
MARIA H. GEORGE                                    Case No. 8:09-bk-07653-CED
    Debtor.
_____/

SCOTT P. GEORGE,                                   Adv. Case No. 8:09-ap-00445-CED
    Plaintiff,
v.

MARIA H. GEORGE
    Defendant.
_____/

**DEFENDANT'S MOTION IN LIMINE AND TO LIMIT DISCOVERY TO ISSUE FOR TRIAL**

    The Defendant, MARIA H. GEORGE, by and through undersigned counsel, and hereby moves this Honorable Court to grant a Motion in Limine and to limit the discovery to the issue that has been set for trial, and as grounds would state as follows:

    1.  The Court made it clear at the last few hearings that the sole issue for determination was the question of intent to injure as to the mailing of the defamatory documents and whether or not MARIA H. GEORGE's intent was to injure SCOTT P. GEORGE, or was her intent for protection of herself and to prevent personal injury.

    2.  This is a time-sensitive inquiry that only involves the period of time in which the defamatory documents were sent (many years ago) and any events and beliefs leading up to that time period. **Events occurring while this bankruptcy court litigation is pending with persons that did not even know MARIA H. GEORGE during the relevant time period are not discoverable, nor reasonably calculated to lead to admissible evidence.**

    3.  This type of discovery is harassing and has nothing to do with the <u>intent to injure</u> issue as to the defamatory documents sent years ago. The actions of MARIA H. GEORGE or SCOTT P. GEORGE while these proceedings were pending, nor does it have anything to do with relationships that MARIA H. GEORGE may have had or activities she or SCOTT P. GEORGE may have had while this litigation has been pending.

    4.  MARIA H. GEORGE's counsel had made <u>extensive discovery requests</u> in the form of

a Request for Production and Interrogatories. The Court granted a protective order and denied a Motion to Compel all of that information, stating it had nothing to do with the issues that will be tried in the bankruptcy court. The discovery and scope of trial must be limited.

5. Counsel for SCOTT P. GEORGE is now trying to accomplish extensive discovery and the depositions of SCOTT P. GEORGE and MARIA H. GEORGE need to be limited to the state of mind of MARIA H. GEORGE and not an exploration into MARIA H. GEORGE's personal matters while the bankruptcy action is pending, or any other matter unrelated to the intent of MARIA H. GEORGE at the time she sent the documents.

6. Counsel for SCOTT P. GEORGE has shown through recent discovery requests that he plans on exploring all kinds of personal information about MARIA H. GEORGE, having nothing to do with whether there was intent to injure when the letters/documents were sent in 2003.

7. Also, if the depositions are allowed to cover all of MARIA H. GEORGE's life since those letters were sent, and all of the various friends or persons she has become acquainted with since the judgment was used for collection and/or to disrupt her life, the discovery in this case will be out of hand.

8. SCOTT P. GEORGE has announced, through his counsel, that the judgment is not to collect money. The obvious purpose of the judgment is simply to abuse and hurt MARIA H. GEORGE. This litigation, unfortunately, can be an extension of that abuse and this Court should limit the litigation to the issues that are going to be tried. The intent to injure issue as to the letters has nothing to do with what has occurred the past two years in MARIA H. GEORGE's life while defending this adversary action.

9. This Court should grant a Motion in Limine make it clear that the discovery is limited to the sole issue being tried. Personal matters of MARIA H. GEORGE since the discharge was pending are not discoverable. (Not reasonably calculated to lead to admissible evidence on the issues set for trial and are harassing.)

WHEREFORE, the Defendant, MARIA H. GEORGE, prays this Court to grant a Motion in Limine and accordingly direct that discovery be limited to this issue.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 2, 2011 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of the electronic filing to the United States Trustee and concerned parties.

**JAWDET I. RUBAII, P.A.**

*/s/ Jawdet I. Rubaii*
Jawdet I. Rubaii, Esq.
Attorney for Maria H. George
1358 South Missouri Avenue
Clearwater, FL 33756
(727) 442-3800/Fax (727) 442-0504
FBN-276601/SPN-116744
rubaiipa@tampabay.rr.com